Mrs. Lillian Clayton SCHULTZ, wife of and Arthur H. Schultz, Sr., and Arthur H. Schultz, Sr., Administrator of the Estate of Michael Clayton Schultz, Plaintiffs,

v.

GREATER NEW ORLEANS EXPRESSWAY COMMISSION and the Travelers Insurance Company, Defendant.

Civ. A. No. 15499.

United States District Court
E. D. Louisiana,
New Orleans Division.

Feb. 1, 1966.

Kierr & Gainsburgh, Jack C. Benjamin, New Orleans, La., for plaintiffs.

Lancaster & King, William McM. King, John T. Pender, New Orleans, La., for defendants.

AINSWORTH, District Judge.

The question for decision is whether the Greater New Orleans Expressway Commission, a joint commission created by the Parishes of St. Tammany and Jefferson in the State of Louisiana, is immune as a state agency to a diversity tort suit filed in a federal court.

This is one of a series of cases growing out of a collision on June 16, 1964

between the tow of the tug REBEL, JR. with the Greater New Orleans Expressway which spans the navigable waters of Lake Pontchartrain. Two spans of the Expressway collapsed as a result, and a Continental Trailways bus traveling on the Expressway plunged into Lake Pontchartrain killing six passengers, including petitioners' son, and injuring two other occupants of the bus. In this diversity action petitioners are citizens of New Hampshire and the Expressway Commission is domiciled in Louisiana. Travelers Insurance Company, a citizen of Connecticut, is the liability insurer of the Expressway Commission and is sued here under the Direct Action Statute of Louisiana, LSA-R.S. 22:655.

The Expressway has moved to dismiss the action against it on the ground that the court lacks jurisdiction and that the complaint fails to state a claim because the Commission is immune from a tort suit as an agency and instrumentality of the Parishes of St. Tammany and Jefferson, Louisiana, and suit has not been authorized by the Louisiana Legislature in accordance with the Louisiana Constitution, Article 3, Section 35.

The Eleventh Amendment to the U. S. Constitution denies to federal courts authority to entertain a suit brought by a citizen against a state without its consent.[1]

In Louisiana, waiver of immunity to sue the State is governed by the provisions of the Louisiana Constitution, Article 3, Section 35, which provides that the Legislature is empowered to waive by special or general laws or resolutions the immunity from suit and from liability of the State and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and author-

ities and other public or governmental bodies. The section also provides that "No suit authorized under this constitutional provision shall be instituted in any court other than a Louisiana State court."

The Expressway Commission was created by the provisions of "The Local Services Law" of Louisiana (LSA-R.S. 33:1321–1332). Pursuant to this law, Louisiana parishes (counties) may create a joint commission as an agency and instrumentality of such parishes to engage jointly in the exercise of any power or the construction, acquisition, or improvement of any public project or improvement. Accordingly, a written agreement authorized by proper resolutions was entered into between the Parishes of St. Tammany and Jefferson by the terms of which a commission was set up to finance, construct and operate a causeway over Lake Pontchartrain connecting the two parishes. LSA-R.S. 33:1332 provides in part that "Each such commission shall be a body corporate under such corporate name and style as shall be provided in such agreement, *shall have power to sue and be sued* * * *." (Emphasis supplied.) The written agreement between the parishes provided that among other powers, the Expressway Commission "shall have power to sue and be sued."[2]

The Louisiana Supreme Court in Seibert v. Conservation Commission of Louisiana, 181 La. 237, 159 So. 375 (1935), which involved the Louisiana Conservation Commission, and Saint v. Allen, 172 La. 350, 134 So. 246 (1931), which involved the Louisiana Highway Commission, held that neither agency was immune from suit because the statute which created them specifically gave each power to sue and be sued. The

---

1. The full text of the Eleventh Amendment follows:
 "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

2. We take cognizance of the written agreement (styled "Articles of Incorporation") which was filed as an exhibit in the consolidated actions pending in this court in Continental Crescent Lines et al. v. The Greater New Orleans Expressway Commission et al., CA 14731 and CA 14755.

Court found that the functions of these agencies were distinct from the State itself. It is obvious that the only rational basis for these State court decisions was that the Legislature which created these State agencies had given them the right to sue and be sued. Special legislative consent, by separate act or resolution, is unnecessary to sue the Expressway Commission. This question was answered in Long v. Northeast Soil Conservation Dist. of La., La.App., 2 Cir., 1954, 72 So.2d 543, where the Louisiana Court of Appeal rejected the contention that special legislative consent was necessary before suit could be maintained against the Conservation District which had the power to sue and be sued.[3]

▪ The Eleventh Amendment immunity from suit is granted only to the state, Hopkins v. Clemson Agricultural College, 221 U.S. 636, 31 S.Ct. 654, 55 L.Ed. 890 (1911), and does not apply to counties, cities, municipal corporations or lesser political subdivisions. Chicot County v. Sherwood, 148 U.S. 529, 13 S.Ct. 695, 37 L.Ed. 546 (1893); Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766 (1890); Markham v. City of Newport News, 4 Cir., 1961, 292 F.2d 711; Louisiana Highway Commission v. Farnsworth, 5 Cir., 1935, 74 F.2d 910.

▪ The Expressway Commission is, therefore, a political corporation with power to sue and be sued and, as to function and authority, does not enjoy immunity from suit under the Eleventh Amendment to the U. S. Constitution, being a distinct entity from the State and not the State itself.[4]

▪ Nor is this suit forbidden by Louisiana law merely because it is an action in tort against a political subdivision acting in the performance of a governmental function, i. e., the operation of a public toll causeway. In Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 (1965), the Louisiana Supreme Court in construing the waiver of immunity provisions of the Louisiana Constitution, Article 3, Section 35, held that they applied to suits in tort committed by agents and employees of the State and its political subdivisions even though they were engaged in the performance of a governmental function. It matters not, therefore, whether the operations of the political subdivision are proprietary or the exercise of a governmental function.

▪ The final question for decision is whether the proviso in the Louisiana Constitution, Article 3, Section 35, that no such suit shall be instituted in any court other than a Louisiana State court is binding as a limitation on the diversity jurisdiction of the federal courts. It is true that a state may waive its immunity from suit and specify such limitations on the exercise of that immunity as it deems proper, and there is ample authority for the proposition that the state may waive its immunity in the state courts but retain it in the federal courts. Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140 (1900); Chandler v. Dix, 194 U.S. 590, 24 S.Ct. 766, 48 L.Ed. 1129 (1904); Burrill v. Locomobile Com-

---

3. The Court stated at page 546:

"But is this the only way in which the Legislature may express the waiver of immunity? We think not, for it seems most reasonable and logical to us to conclude that a Legislature, having the authority to establish an administrative or governmental agency, separate and distinct from the State as the sovereign entity, and having the right to waive immunity, can and does express that waiver when *without restriction or qualification it empowers such agency to sue and be sued.*" (Emphasis by the Court.)

4. There is no Louisiana appellate court decision on the status of the Greater New Orleans Expressway Commission except Lewis v. Greater New Orleans Expressway Com'n, La.App., 1 Cir., 1960, 122 So.2d 708. In that case the appellate court affirmed the decision of the district court which dismissed the suit as to the Expressway Commission, but this was done by stipulation between the parties that the Commission was immune to suit. Therefore, it is not a binding precedent.

pany, 258 U.S. 34, 42 S.Ct. 256, 66 L.Ed. 450 (1922); State Highway Commission of Wyoming v. Utah Const. Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1928); Petty v. Tennessee-Missouri Bridge Commission, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959). But such a limitation is not available to other agencies and political subdivisions of the state even though they are physically situated in the state, if the political subdivision or agency is an entity distinct and separate from the state itself. We have held that the Expressway Commission is not the State itself and is by function and authority a distinct entity from the State. Therefore, the limitation in the Louisiana Constitution that such suits be filed only in a Louisiana State court is ineffective here. It is axiomatic that whenever there is a substantive right enforceable in a judicial proceeding in any court of a state, it is also enforceable in the courts of the United States, and this must be accomplished without regard to any limitation imposed by state legislatures. Markham v. City of Newport News, supra. *Markham* involved a diversity tort action brought by a citizen of California against the City of Newport News, Virginia, in the Federal District Court for the Eastern District of Virginia. All of the requisites for federal diversity jurisdiction were present, but a Virginia statute provided that no tort action against a city or other political subdivision of the Commonwealth of Virginia shall be instituted "except in a court of the Commonwealth established under or pursuant to the Constitution of Virginia and having jurisdiction and venue * * *." Thus, the Virginia statute would prevent resort by a nonresident plaintiff to the federal diversity jurisdiction. In holding the Virginia statute ineffective to deprive the federal court of jurisdiction, the Fourth Circuit said that "Power to impose conditions precedent which will operate in the same way and lead to the same result whether the action be brought in the courts of the state or those of the United States does not carry with it power to oust the federal jurisdiction. However extensive the

power of the state to deal with the substantive right, it has no power to defeat the jurisdiction of the federal courts."

In Grady County, Georgia v. Dickerson, 5 Cir., 1958, 257 F.2d 369, the Fifth Circuit considered a diversity tort suit filed in a Georgia federal court by a Louisiana resident against Grady County, Georgia under the Georgia defective bridge law. Grady County vouched in the State Highway Department, as provided by Georgia statute, and the Highway Department, acting in the name of Grady County, urged dismissal of the suit on the ground that in reality the State Highway Department was the defendant, and that the State of Georgia had not consented to be sued in cases of this kind except in its own courts. The Fifth Circuit denied this plea, holding that because such suits were cognizable by Georgia State courts against counties for breaches of duty, the State could not deprive the courts of the United States of the jurisdiction which they have under the Constitution and laws of the United States.

In Lincoln County v. Luning, supra, a suit was filed in a Nevada federal court involving certain County bonds. However, the Nevada statute which authorizes the issuance of the bonds named the State court in which litigation involving the bonds must be brought. Jurisdiction of the federal court was attacked on two grounds, namely, Eleventh Amendment immunity and the statute requiring suit be brought in a Nevada State court. The U. S. Supreme Court held that the Eleventh Amendment did not apply to counties, and that since counties were suable in Nevada under state law, no statutory limitation of suability could defeat the federal court's jurisdiction. See also Cowles v. Mercery County, 7 Wall. 118, 74 U.S. 118, 19 L.Ed. 86 (1869); Wright, Federal Courts § 46; and 1 Barron and Holtzoff § 21.

 We hold, therefore, that the Louisiana constitutional proviso requiring that suits against the State, parishes, municipalities and other political subdivisions be brought only in a Louisiana

State court is ineffective to restrict the federal diversity jurisdiction of this court in a suit against the Expressway Commission. The motion of the Expressway Commission to dismiss for lack of jurisdiction and failure to state a claim is denied.