**SOUTHERN BRIDGE COMPANY**

**v.**

**DEPARTMENT OF HIGHWAYS, STATE OF LOUISIANA.**

**Civ. A. No. 70-55.**

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

Dec. 17, 1970.

Carlos G. Spaht, Kantrow, Spaht, Weaver & Walter, Baton Rouge, La., for plaintiff.

Charles Wm. Roberts, Burton, Roberts & Ward, Baton Rouge, La., for defendant.

WEST, Chief Judge:

The question presented here is whether or not the Louisiana Department of Highways is, as a matter of law, the alter ego of the State of Louisiana, and as such able to avail itself of Eleventh Amendment immunity from a federal diversity suit brought against it by a corporate citizen of Texas. We think not. The Louisiana Department of Highways is a corporate entity separate and distinct from the State which it serves, and is thus clearly susceptible to a federal court action founded on diversity of citizenship.

The record herein reflects that plaintiff, Southern Bridge Company, a construction firm specializing in the design and building of highway bridges, is incorporated in the State of Texas and maintains its principal place of business in that State. For diversity purposes then, it is a corporate citizen of that State. 28 U.S.C.A. § 1332(c). Defendant, the Louisiana Department of Highways, is a corporate citizen of the State of Louisiana, having been created as such under provisions of Art. VI, Sec. 19.2 of the Louisiana Constitution and LSA–R.S. 48:11 et seq. Its functions include the study, administration, construction, improvement, maintenance, repair, and regulation of the state highway system together with such other functions of like nature as may be conferred on the Department by law. LSA–R.S. 48:21. According to plaintiff's complaint, on or about July 18, 1966, Southern Bridge Company, having been found by the Department of Highways to be the low bidder on a state highway project identified as Project No. 25–09–02, was awarded a contract for construction of a highway bridge across "Twelve Mile Bayou" in Caddo Parish (County), near Shreveport, Louisiana. Southern's low bid was prepared and submitted in accordance with plans and specifications for the project furnished by the Department to all those contractors who had expressed an interest in bidding thereon. The Department's own engineers, however, were charged with the task of actually designing the bridge and selecting a proposed construction site. Sometime after construction was begun, it was discovered that subsoil conditions existing at the construction site were not as described in the Department's plans and specifications. This error, at least according to Southern, made the preparation of an adequate foundation at the site much more difficult than had originally been anticipated. In fact, in order to overcome the unexpected conditions, Southern alleges that it incurred a substantial cost overrun in completing the project, and that the Department's erroneous information was the sole cause therefor. In this suit, Southern seeks recovery of the amount of the overrun, $256,941.37, together with interest thereon from date of judicial demand and for all costs of these proceedings. Federal subject matter jurisdiction is said to rest on diversity of citizenship; the parties being corporate citizens of different states, and the amount in controversy exceeding, exclusive of interest and costs, the sum of $10,000.00. 28 U.S.C.A. § 1332(a) (1).

The case is before the Court on the Department's motion to dismiss, its argument being that, (1) under the terms of the Eleventh Amendment, this Court lacks federal subject matter jurisdiction of a suit by a corporate citizen of Texas against the State of Louisiana, or as the case may be, the State's alter ego the Department of Highways, (2) in the event this Court determines that the State and/or its Department of Highways may have waived immunity from

suit, such waiver is effective only as to those suits instituted in state court, and (3) the complaint fails to state a claim upon which relief can be granted. After an in limine hearing conducted on November 6, 1970, the case was taken under advisement. For reasons which are now set forth hereafter, it is the opinion of this Court that the defendant's motion to dismiss must be denied.

It is of course fundamental that the Eleventh Amendment to the United States Constitution precludes all suits in federal court by a citizen of one state against any of the several *states* themselves without the latter's express or implied consent thereto. C. Wright, Federal Courts, § 46, p. 175, n. 6 (2d Ed. 1970). If any of the several states elects to waive its sovereign immunity and consent to being sued as such, it may limit or otherwise qualify such consent only to those suits prosecuted against it in its own courts while at the same time retaining immunity against suit in federal court. Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140 (1900); C. Wright, Federal Courts, § 46, p. 175, n. 7 (2d Ed. 1970). But this constitutional immunity from suit in federal court runs only to the states themselves and not necessarily to individual state agencies, counties, cities, or other lesser political subdivisions. Hopkins v. Clemson Agricultural College, 221 U.S. 636, 31 S.Ct. 654, 55 L.Ed. 890 (1911). Thus, in this case, if the Department of Highways is a state agency or corporation enjoying an existence separate and apart from the State itself, it would not be entitled to claim the benefit of constitutional immunity from suit in federal court accorded the several states by the Eleventh Amendment. This very question, the Department's amenability to suit separate and apart from the State, is certainly no stranger to the Louisiana courts, both federal and state. The decisions are uniform that the Louisiana Department of Highways is, as a matter of law, a corporate entity separate and distinct from the State of Louisiana. See, e. g., Farnsworth v. Louisiana Highway Commission, 74 F.2d 910 (5th Cir. 1935); Department of Highways of La. v. Morse Bros. & Associates, 211 F.2d 140 (5th Cir. 1954); Department of Highways v. McWilliams Dredging Co., 83 F.Supp. 132 (W.D.La. 1949); Belle Fontaine Towing Co. v. Department of Highways, 271 F.Supp. 60 (E.D.La.1967); Saint v. Allen, 172 La. 350, 134 So. 246 (1931); Kallenberg v. Klause, 162 So.2d 73 (La.App. 4th Cir. 1964). We pause now in following these decisions only because the Department of Highways forcefully contends that this Court's decision in Ward v. Louisiana Wild Life & Fisheries Commission, 224 F.Supp. 252 (E.D.La.1963) may be in conflict therewith. A thorough review of *Ward,* however, has convinced us otherwise. We held there that the State of Louisiana was an indispensable party defendant to an action brought against the Wild Life & Fisheries Commission contesting the validity of a donation of certain lands for use as a wild life refuge. The reason for that holding was simply that title to the lands there in question were vested not in the Wild Life & Fisheries Commission, *but in the State itself,* and of course any judgment affecting the ownership of those lands would of necessity have affected the State's interest too. 224 F.Supp. at 258–259. Moreover, a careful analysis of the legislative history of the Wild Life & Fisheries Commission and its predecessor agencies revealed that as then constituted the Commission was merely an arm of the State without power to sue or be sued. Consequently, suits against the Commission required the consent of the State. Since the State did not consent to being sued in *Ward,* the case was dismissed for lack of federal subject matter jurisdiction. 224 F.Supp. at 260. This is not the case here. The Department of Highways has been held time and again to be a corporate entity separate and distinct from the State of Louisiana. Farnsworth v. Louisiana Highway Commission, supra. It has the power to sue and be sued in its own right and we are unable to find any requirement that the State must be joined as a party defendant with the

Department. Art. III, Sec. 35, La. Const.; LSA–R.S. 48:22. It is thus the opinion of this Court that the Department of Highways, not the State, is the proper party defendant in this case.

The Department's alternative contention, that if it can be sued at all, such suit must be brought exclusively in the state courts, has been rejected in an able opinion by Judge Ainsworth in Schultz v. Greater New Orleans Expressway Commission, 250 F.Supp. 89, 92–94 (E.D.La.1966). Although it is clear that a state may waive its sovereign immunity in its own courts and retain such immunity in federal courts because of the Eleventh Amendment, this privilege is not available to lesser political subdivisions of the state. The Amendment reaches only states, and efforts by lesser political subdivisions to avoid the federal judicial system are in conflict with the judicial power of federal courts as outlined in Art. III, Sec. 2 of the United States Constitution. Markham v. City of Newport News, 292 F.2d 711 (4th Cir. 1961), noted, 36 Tul.L.Rev. 351 (1962).

For these reasons we find federal subject matter jurisdiction to be well founded in this case, and that the plaintiff, Southern Bridge Company, has stated a claim upon which relief can be granted. The defendant's motion to dismiss is denied.