**Boyce Fate KNIGHTON, Plaintiff,**

v.

**JOHNSTON COUNTY et al., Defendants.**
**Civ. No. 2352.**

United States District Court,
E. D. North Carolina,
Raleigh Division.
July 28, 1971.

**653**

Irvin B. Tucker, Jr., Yarborough, Blanchard, Tucker & Denson, Raleigh, N. C., for plaintiff.

John H. Anderson, Smith, Leach, Anderson & Dorsett, Raleigh, N. C., for defendants.

## ORDER

BUTLER, Chief Judge.

Plaintiff seeks damages for personal injuries resulting from the alleged negligent injection of a hypodermic needle into his arm by the defendant, Gurganus, a nurse employed by the defendant, Johnston County Memorial Hospital. Plaintiff further alleges that the defendant, Johnston County Hospital, is an agency of the defendant, Johnston County. The other defendants are Trustees of said hospital. Jurisdiction is based on diversity of citizenship.

The plaintiff and all of the defendants, except the defendant, Gurganus, have filed cross motions for summary judgment in regard to the defendants' Third and Fourth Defenses. The Third Defense is a plea of governmental immunity. The Fourth Defense is an attack upon the subject matter jurisdiction of the federal district court to hear the case at bar. At the hearing on the cross-motions for summary judgment it was stipulated that North Carolina General Statutes § 153–9(44) waives governmental immunity to the extent of the coverage of any liability insurance and that Johnston County had such insurance. Thus the only question presently before the court is whether this court has jurisdiction to hear the case.

G.S. § 153–9(44) provides that "[a]ny person sustaining damages * * * may sue a county insured under this subdivision * * * in any court of competent jurisdiction in such county * *." Defendants argue that the statute grants exclusive jurisdiction to the state courts in Johnston County and that a federal court, sitting in diversity, has no subject matter jurisdiction. Plaintiff, on the other hand, contends that Johnston County is within the territorial jurisdiction of the United States District Court for the Eastern District of North Carolina, and that this court is a court of competent jurisdiction in Johnston County. Plaintiff further contends that even if the legislature intended to grant exclusive jurisdiction to the state courts, the State is without power to restrict federal jurisdiction.

The statute expressly authorizes a suit "in *any* court of competent jurisdiction *in* such county" (emphasis added). The legislature did not attempt to limit jurisdiction to a *state* court in such county, nor to a court *of* such county. In Reagan v. Farmers' Loan & Trust Co., 154 U.S. 362, 14 S.Ct. 1047, 38 L.Ed. 1014 (1894), the United States Supreme Court, construing the provision of a Texas statute relating to suits against a railroad commission, said:

"* * * [I]n the Act before us, express authority is given for a suit against the commission to accomplish that which was the specific object of

**654**

the present suit. Section 6 provides that any dissatisfied 'railroad company, or other party at interest, may file a petition * * * in a court of competent jurisdiction in Travis County, Texas, against said commission as defendant.' The language of this provision is significant. It does not name the court in which the suit may be brought. It is not a court of Travis County, but in Travis County. The language, differing from that which ordinarily would be used to describe a court of the state, was selected, apparently, in order to avoid the objection of an attempt to prevent the jurisdiction of the federal courts. The circuit court[1] for the western district of Texas is 'a court of competent jurisdiction in Travis County'."

■ This court is of the opinion, and so holds, that it is a court of competent jurisdiction in Johnston County within the meaning of G.S. § 153–9(44).

■■ Even if the legislative intent was to deprive the federal court of jurisdiction, it cannot do so. "Federal jurisdiction cannot be defeated by a state statute prescribing the court in which the action is to be brought."[2] Akin v. Louisiana National Bank of Baton Rouge, 322 F.2d 749 (5th Cir. 1963); United States v. Estate of Slate, 304 F. Supp. 380 (S.D.Tex.1969). The jurisdiction of federal district courts is fixed by Congress pursuant to Article 3, Section 2, of the United States Constitution. A state has the power to create a substantive right and remedy and to establish state enforcement machinery. But, in diversity actions, "[i]t is axiomatic that whenever there is a substantive right enforceable in a judicial proceeding in any court of a state, it is also enforceable in the courts of the United States, and this must be accomplished without regard to any limitation imposed by state legislatures." Schultz v.

Greater New Orleans Expressway Commission, 250 F.Supp. 89, 93 (E.D.La. 1966). *Accord,* Markham v. City of Newport News, 292 F.2d 711 (4th Cir. 1961) (diversity action against city for personal injuries).

Now, therefore,

It is ordered that the defendants' motion for summary judgment is denied and that plaintiff's motion for summary judgment dismissing the Third and Fourth Defenses of defendants' Answer is allowed.

1. The jurisdiction of United States circuit courts was transferred to the United States district courts by the Act of March 3, 1911. 36 Stat. 1087.

2. Neither can a state constitution defeat diversity jurisdiction of the federal courts. Schultz v. Greater New Orleans Expressway Commission, 250 F.Supp. 89 (E.D. La.1966).