**MEDICENTERS OF AMERICA, INC.**

v.

**COMMONWEALTH OF VIRGINIA et al.**

Civ. A. No. 73–650–R.

United States District Court,
E. D. Virginia,
Richmond Division.

March 26, 1974.

Joseph M. Spivey, III, G. H. Gromel, Jr., Hunton, Williams, Gay & Gibson, Richmond, Va., for plaintiff.

John W. Crews, Stuart H. Dunn, Asst. Attys. Gen. of Va., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Medicenters of America, Inc., brings this action against the Virginia Department of Health and the Comptroller of the Commonwealth of Virginia, to enforce what the plaintiff alleges to be contractual payments owed to it by the defendants.

Jurisdiction is alleged on the basis of 28 U.S.C. § 1332.

The defendants, a State Agency and State officer, respectively, have moved to dismiss the complaint on the grounds of lack of jurisdiction by reason of the claimed sovereign immunity inherent in the State and preserved to it by the Eleventh Amendment to the Constitution of the United States. The plaintiff has responded to that motion and the matter is now ready for disposition.

The Court would begin by pointing out that, whatever may once have been the breadth of federal jurisdiction under Article III of the United States Constitution, as regards diversity actions and actions wherein the state is a party, the Eleventh Amendment acts to narrow the scope of permissible exercise of that jurisdiction in actions wherein the state is a defendant and has chosen not to waive its sovereign immunity under that amendment. *Cf.* Chisholm v. Georgia, 2 Dal. (2 U.S.) 419, 1 L.Ed. 440 (1793) with Hans v. Louisiana, 134 U.S. 1, 11, 10 S.Ct. 504, 33 L.Ed. 842 (1889).

The suggestion in plaintiff's brief that the Virginia Department of Health is not cloaked with the shield of sovereign immunity is clearly erroneous. Unlike the Louisiana Department of Highways in Southern Bridge Co. v. Dept. of Highways, State of Louisiana, 319 F.Supp. 948, 949–950 (E.D.La.1970), the Virginia Department of Health, in this case is not a "corporate citizen" of the State, *maintaining a separate identity from the State.* Cf. Art. VI, § 19.2, La.Constitution; and LSA–R.S. 48:11 et seq. The Virginia Department of Health has not the power to raise capital, engage in other financial and contractual relationships, or sue and be sued, in its own right, as an entity separate and distinct from the State. See Virginia Code (1950), as amended, §§ 2.1–1(7) and 32–1 et seq. The Court concludes, therefore, that the Virginia Department of Health is merely an "arm of the State"—*i. e.* the State's *alter ego.* *Cf.* Southern Bridge Co. v. Dept. of Highways, State of Louisiana, *supra,* 319 F.Supp. 948, 949–950, with DeLong Corp. v. Oregon State Highway Comm'n, 233 F.Supp. 7 (D.Or.1964).

Moreover, the Court in Southern Bridge Co. v. Dept. of Highways, State of Louisiana, *supra,* 319 F.Supp. 948, 949–950, itself, recognized that where the judgment would act directly against the state, and the state is the real party in interest, the doctrine of sovereign immunity applies regardless of the status of the named defendant. See also, Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140 (1900); *Cf.* Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). Such an action generally requires the joinder of the state, or an officer thereof, in his official capacity, as a necessary party. See Ward v. Louisiana Wild Life & Fisheries Comm'n, 224 F.Supp. 252 (E.D.La.1963). There can be no doubt that, in this case,

the relief sought under §§ 8–752 et seq. and 2.1–223.1 et seq., Code of Va. (1950), as amended, would operate against the state treasury; and, indeed, the Comptroller of the Commonwealth of Virginia has been joined as a necessary party to this action.

The plaintiff next argues that the State has, in the instant case, expressly waived its sovereign immunity by virtue of the provisions in §§ 8–752 and 2.1–223.1 et seq., Code of Va. (1950), as amended.

▆▆▆▆ Unquestionably a state may, by an express or implied waiver of its sovereign immunity, consent to be sued. Clark v. Barnard, 108 U.S. 436, 2 S.Ct. 878, 27 L.Ed. 780 (1883); Parden v. Terminal R. Co. of Alabama, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964). However, a state's waiver of immunity in its own courts, as expressed in the Virginia Code Sections aforementioned, does not necessarily operate as a consent to be sued in federal court as well. Kennecott Copper Corp. v. Tax Comm'n, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946). See also, Brennan v. University of Kansas, 451 F.2d 1287 (10th Cir. 1971); Markham of City of Newport News, 292 F.2d 711, 716, n. 22 (4th Cir. 1961) and cases cited therein. In order for a waiver of sovereign immunity to be found effective as to actions brought in a federal court, as well as to actions brought in the state's own courts, a clear legislative intent to that effect must be found. Kennecott Copper Corp. v. Tax Comm'n, supra, 327 U.S. 573, 577, 66 S.Ct. 745, 90 L.Ed. 862; Hamilton Mfg. Co. v. Trustees of State Colleges in Colo., 356 F.2d 599, 601 (10th Cir. 1966).

▆▆▆ Section 8–752, Code of Va. (1950), as amended, makes reference only to certain state courts in establishing the cause of action on which the instant plaintiff relies. The Court cannot, therefore, conclude that a "clear legislative intent" has been expressed to extend the provisions of that section, effectively waiving the bar of sovereign immunity, to actions brought in federal court. Cf. Knight v. State of New York, 443 F.2d 415 (2d Cir. 1971); DeLong Corp. v. Oregon State Highway Comm'n, supra, 233 F.Supp. 7.

This result does not, as plaintiff argues, constitute an attempt by the state to limit the jurisdiction of federal courts over actions otherwise cognizable before them. The present limitation on federal jurisdiction exists, in the first instance, by virtue of the Eleventh Amendment. A similar limitation on state court jurisdiction exists by virtue of the common law doctrine of sovereign immunity. See Maury v. Commonwealth, 92 Va. 310, 23 S.E. 757 (1895). The authorities previously cited clearly establish that a state has the power to waive the latter without affecting the former. See also, DeLong Corp. v. Oregon State Highway Comm'n, supra, 233 F.Supp. 7, 19.

Contrary to the plaintiff's suggestion, Popp v. Archbell, 203 F.2d 287 (4th Cir. 1953) and Knighton v. Johnson County et al., 330 F.Supp. 652 (E.D.N.C.1971), are not controlling of the issue presently before the Court. Those cases did not involve the issue of sovereign immunity and an alleged waiver thereof; nor did they involve any other *federally imposed* limitation on the jurisdiction of federal courts, which could have been waived at the option of the party opposing jurisdiction. Rather, both involved purported attempts by the respective states to unilaterally preclude the exercise of federal diversity jurisdiction over certain actions and certain state created remedies.

For the reasons stated, the defendants' motion to dismiss will be granted, and the action will be dismissed.

An appropriate order shall issue.