**OKLAHOMA REAL ESTATE COMMIS-
SION, Appellant,**

**v.**

**NATIONAL BUSINESS AND PROPER-
TY EXCHANGE, Inc., a corpora-
tion, Appellee.**

**No. 5251.**

United States Court of Appeals
Tenth Circuit.

Dec. 23, 1955.

Edward E. Soule, Oklahoma City, Okl.,
for appellant.

John B. Dudley, Jr., Oklahoma City,
Okl., for appellee.

Before PHILLIPS, Chief Judge,
MURRAH, Circuit Judge, and RICE,
District Judge.

RICE, District Judge.

The National Business and Property
Exchange, Inc., a corporation, hereinaft-
er referred to as the Corporation,
brought an action in the United States
District Court for the Western District
of Oklahoma against the Oklahoma Real
Estate Commission, hereinafter referred
to as the Commission, for a declaratory
judgment, judicially determining the cor-
poration not to be a real estate broker
within the purview of the Oklahoma Real
Estate License Act, 59 O.S.1951, § 831 et
seq., hereinafter referred to as the Act.

In the District Court, by a motion to
dismiss, the Commission challenged the
jurisdiction of that court but on the spe-
cific ground that the necessary jurisdic-
tional amount was not involved. After a
hearing, judgment was entered in favor
of the Corporation.

For the first time, on appeal to this
Court, the Commission challenges the ju-
risdiction of the trial court on the ground
that there is no diversity of citizenship,
the basis of such contention being that
the State of Oklahoma is the real party
in interest and is not, by reason of the
Eleventh Amendment to the Constitution
of the United States, subject to the juris-
diction of the Federal Courts.

In response to the Commission's mo-
tion, the Corporation now asserts that

the Commission invoked the jurisdiction of the trial court by seeking there a judgment to the effect that the Corporation and its salesmen are subject to the Act and that the Commission further recognized the jurisdiction of the trial court by filing a motion therein to stay proceedings pending in the State Court but which had been filed therein subsequent to the action filed in the Federal Court. The Corporation contends that the State of Oklahoma is not the real party in interest. On the contrary, it contends that the suit is one to prevent the arbitrary and unlawful action on the part of appellant in attempting to apply the statute to its business operations.

The complaint of the Corporation and the record in the trial court will not justify the contention that the action there was one to prevent arbitrary and unlawful action on the part of the appellant. On the contrary, it is the ordinary declaratory judgment action setting forth a controversy between the Corporation and the Commission and asking the court to determine that controversy. There is no allegation that the Commission is acting arbitrarily or capriciously, nor is there any contention that the Act is unconstitutional. The complaint was insufficient to show jurisdiction in Federal Court.

The decisive question in this case is whether or not the State of Oklahoma is the real party in interest. The Eleventh Amendment provides "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." Historically, this amendment was adopted as a consequence of Chisholm v. Georgia, 2 Dall. 419, 1 L. Ed. 440. The Eleventh Amendment has been construed to prohibit suits against state agencies and officers where the state is the real party in interest and where there is no Federal constitutional question.

The Act passed by the legislature of the State of Oklahoma in 1953 is a comprehensive Act designed to regulate the profession or occupation of real estate brokers and salesmen within the State of Oklahoma. By its terms, it is unlawful for any person or corporation to engage in or carry on or to advertise or hold himself or itself out as engaged in or carrying on the business or acting in the capacity of a real estate broker or real estate salesman within the state without first obtaining a license as a real estate broker or salesman. The Act defines a real estate broker and as so defined includes corporations, both foreign and domestic. It provides for a real estate commission consisting of three persons appointed by the Governor for the purpose of carrying out the provisions of the Act. The Commission is required to make annual reports, and, by the terms of the Act, the Commission may sue and be sued in its official name. The Commission is authorized to issue licenses to each licensee, in such form as shall be prescribed by it, upon payment of a prescribed fee and providing the required surety bond. The Commission is authorized to investigate the business transactions of any real estate broker and has the power to suspend or revoke any license after a hearing. Under the Act, a nonresident broker, not licensed, cannot maintain an action in court to recover compensation for services rendered in listing, buying, selling, exchanging, leasing, or renting of any real estate. A violation of any provisions of the law is made a misdemeanor.

In the suit, as filed, the State is the real party in interest. Whether or not a suit is against a state is to be determined not by the mere names of the titular parties but by the essential nature and effect of the proceedings as it appears from the entire record. In re State of New York, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057; Pennoyer v. McConnaughy, 140 U.S. 1, 11 S.Ct. 699, 35 L. Ed. 363; O'Neill v. Early, 4 Cir., 208 F.2d 286; Read v. National Equity Life Insurance Company, 10 Cir., 114 F.2d 977.

■ The Commission is merely a channel through which the state performs part of its necessary governmental function. The result of any judgment or decree in this case would operate against the state. Fowler v. California Toll Bridge Authority, 9 Cir., 128 F.2d 549; Broadwater Missouri Water Users Association v. Montana Power Company, 9 Cir., 139 F.2d 998.

■ While the state has specifically consented that the Commission may sue and be sued, such consent is not a consent to be sued in a Federal Court. Kennecott Copper Corporation v. State Tax Commission, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862; Ford Motor Company v. Department of Treasury of Indiana, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389; Great Northern Life Insurance Company v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121. The Commission was not authorized by the statute of the State of Oklahoma to waive jurisdiction and consent that the State be sued in a Federal Court.

The State Court, not a Federal Court, is the proper forum in which to settle a controversy concerning the application of the provisions of the Act in the absence of an allegation to the effect that the Act itself is unconstitutional or that the Commission is acting arbitrarily and capriciously.

Since oral argument the Corporation has filed two separate motions. The first motion seeks permission to amend its complaint. The second motion is in the alternative and requests that no order of dismissal be entered but in lieu thereof an order of remand be issued with leave granted to amend its original complaint and make additional parties defendant. The first motion is denied. The second motion is denied but without prejudice to the right of the corporation to seek an amendment of its complaint in the trial court.

The Commission's motion to dismiss and direct the Court to vacate the judgment herein is granted, not on the merits but for lack of jurisdiction and without prejudice to the Corporation's right to apply to the trial court for permission to amend and make additional parties defendant and to take any further action not inconsistent with the views expressed herein.