389 P.2d 464

**Douglas CAMPBELL, a minor by Graham S. Campbell, his guardian ad litem; Graham S. Campbell, Plaintiffs and Appellants,**

**v.**

**Elmo PACK, William H. Page, Board of Education of Granite School District, Defendants and Respondents.**

No. 9951.

Supreme Court of Utah.

Feb. 20, 1964.

Hansen & Sumsion, Robert B. Hansen, Salt Lake City, for appellants.

McKay & Burton, Macoy A. McMurray, Salt Lake City, for respondents.

PER CURIAM.

Douglas Campbell, a 14-year-old boy, by his father as guardian ad litem, sued to recover for injury impairing the sight of his eye caused by a metal particle thrown by a machine during a shop class at Olympus Junior High School in Salt Lake County. The trial court granted the motion of the defendant Board of Education to dismiss on the ground that it is protected by the doctrine of sovereign immunity. Plaintiffs appeal.

Plaintiff concedes that the dismissal is supported by the prior pronouncements of this court that school districts are instrumentalities of the state acting in its behalf in educating children and as such partake of its sovereign immunity. Bingham v. Board of Education of Ogden City, 118 Utah 582, 223 P.2d 432 (1950); Woodcock v. Board of Education of Salt Lake City, 55 Utah 458, 187 P. 181, 10 A.L.R. 181 (1920); see also Cobia v. Roy City, 12 Utah 2d 375, 366 P.2d 986; Davis v. Provo City Corp., 1 Utah 2d 244, 265 P.2d 415; Rami-

**162**

rez v. Ogden·City, 3 Utah 2d 102, 279 P.2d 463; Brinkerhoff v. Salt Lake City, 13 Utah 2d 214, 371 P.2d 211.

In an able and persuasive brief and argument, of which we are duly appreciative, plaintiffs' counsel contends that we should now judicially change that rule. The genesis and history of this doctrine, including recent developments, is extensively and capably treated by Justice Lockwood in the recent case of Stone v. Arizona Highway Comm., 93 Ariz. 384, 381 P.2d 107 (1963).

██ With due deference to the authorities cited, and the reasoning set forth by them, we are not persuaded of the propriety of judicially changing this rule, which is adhered to by a majority of our sister states. See Anno. 86 A.L.R.2d 489, et seq. It has always been the law of this state and the activities, operations and contracts of the state government and other public entities protected by it are based upon that understanding of the law. For the reasons set forth in the cases heretofore decided by this court referred to above, we believe that if there is to be a change which would have such an important effect upon public institutions and their operations, it should be left entirely to the legislature to determine whether the immunity should be removed; and as to what agencies; when effective, and to what extent, if any, limitations should be prescribed.

Affirmed. No costs awarded.