**HAMILTON MANUFACTURING COMPANY, Appellant,**

v.

**The TRUSTEES OF the STATE COLLEGES IN COLORADO, Appellee.**

No. 8080.

United States Court of Appeals
Tenth Circuit.

Jan. 27, 1966.

As Modified March 17, 1966.

Frank H. Shafroth, of Grant, Shafroth, Toll & McHendrie, Denver, Colo. (John N. Dahle, Denver, Colo., with him on the brief), for appellant.

James W. Creamer, Jr., Asst. Atty. Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., Denver, Colo., with him on the brief), for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

PICKETT, Circuit Judge.

In this diversity action Hamilton Manufacturing Company, a Wisconsin corporation, sought judgment against the Trustees of the State Colleges in Colorado and Amalgamated Builders Supplies Company, formerly Horblit & Company, for laboratory equipment and supplies furnished to Western State College at Gunnison, Colorado. Horblit & Company contracted with the Trustees to furnish the equipment and supplies at the college for an agreed price. Hamilton supplied the equipment necessary to complete the Horblit contract. Thereafter Horblit ex-ecuted an assignment to Hamilton for $62,798.89 of the proceeds due on the contract. The assignment was presented to the Business Manager of the college, who noted an acceptance thereon and re-turned it to Hamilton. When the con-tract was completed, upon receiving the customary vouchers, the proceeds due were nevertheless paid to Horblit by proper authorities of the State of Colo-rado. There was no evidence that any state official or employee of the state had knowledge of the assignment except the college Business Manager. The Trustees, represented by the Attorney General of Colorado, answered the com-plaint, alleging (1) that the action against the Trustees was an action against the State of Colorado, which by reason of the 11th Amendment to the United States Constitution could not be maintained in Federal Court; and (2) that the Business Manager of the college did not have authority to accept or ap-prove for the Trustees the assignment to Hamilton. At the close of all the evi-dence, the trial court, without consider-ing the jurisdictional question, held that Hamilton had failed to prove that the assignment was effective, and dismissed the complaint as to the Trustees. Judg-ment for the amount sued for was en-tered against Amalgamated. No appeal was taken from that judgment. Hamil-ton appeals from the order dismissing the complaint as to the Trustees.

We conclude that the action against the Trustees is essentially an action against the State of Colorado and that Colorado has not consented to be sued in the Federal Court. The 11th Amendment to the United States Con-stitution provides:

> "The Judicial power of the United States shall not be construed to ex-tend to any suit in law or equity, commenced or prosecuted against one of the United States by Citi-zens of another State, or by citizens or Subjects of any Foreign State."

The effect of the 11th Amendment is a clear limitation on the authority of the

Federal Courts to entertain suits by private citizens against a state without express consent. Ford Motor Co. v. Dept. of Treasury, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389; Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121; Ex Parte State of New York No. I, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057; Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140. The judgment which Hamilton seeks to obtain would in effect be against the State of Colorado, represented by the Trustees as a nominal party. The entire impact of such a judgment would be against the state, as it could be satisfied only from funds payable out of the state treasury. The test, as stated in Ford Motor Co. v. Dept. of Treasury, supra, 323 U.S. at 464, 65 S.Ct. at 350, is "When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity * * *."

■ By statute the state colleges in Colorado, including Western State College, are "an integral part" of the state public school system "subject as such to the general supervisory powers vested by the constitution in the state board of education." C.R.S. 124–5–3. The Board of Trustees, appointed by the Governor with the advice and consent of the senate, is the governing body through which the state administers the colleges. It is declared a "body corporate", and is empowered to "hold property" and "be party to all suits and contracts, and do all things thereto lawfully appertaining, in like manner as municipal corporations of this state." C.R.S. 124–5–1. As a part of the state educational system, the state colleges are supported by state funds derived from annual property tax-

es. The entire revenue derived from these special tax levies "or so much thereof as may be necessary" are appropriated to the Trustees for the purpose of constructing, equipping and improving the state colleges. C.R.S. 124–7–13(2). The state colleges and the board of trustees exist at the pleasure of the state legislature. The essential nature of this action is for the breach of a contract which the board had the statutory power to make on behalf of the State of Colorado.[1] This is a suit on an alleged state debt, and as such, falls precisely within the meaning of the 11th Amendment. Hans v. State of Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842.

■ This immunity, however, may be waived. Petty v. Tennessee-Missouri Bridge Comm'n, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804; Ford Motor Co. v. Dept. of Treasury, supra; Great Northern Life Ins. Co. v. Read, supra; State of Missouri v. Fiske, 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145. Cf. Parden v. Terminal R. Co., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233, reh. denied 377 U.S. 1010, 84 S.Ct. 1903, 12 L.Ed.2d 1057. The waiver of immunity will not be lightly inferred. Petty v. Tennessee-Missouri Bridge Comm'n, supra; Murray v. Wilson Distilling Co., 213 U.S. 151, 29 S.Ct. 458, 53 L.Ed. 742; Kennecott Copper Corp. v. State Tax Comm'n, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862. A waiver of immunity, or consent to be sued in the state courts, will not constitute a waiver as to actions brought in the federal courts unless that intent clearly appears. Kennecott Copper Corp. v. State Tax Comm'n, supra; Great Northern Life Ins. Co. v. Read, supra; Chandler v. Dix, 194 U.S. 590, 24 S.Ct. 766, 48 L.Ed. 1129. Cf. Oklahoma Real Estate Comm'n v. Nat'l B. & P. Exchg.,

---

1. Appellant relies on Hopkins v. Clemson Agricultural College, 221 U.S. 636, 31 S. Ct. 654, 55 L.Ed. 890, in support of its contention that a suit against the Board of Trustees can be maintained in Federal Court. The Clemson case, however, was a tort action in the state court. The principle applied was that "neither a state nor an individual can confer upon an agent authority to commit a tort, so as to excuse the perpetrator. In such cases the law of agency has no application,—the wrongdoer is treated as a principal, and individually liable for the damages inflicted, and subject to injunction against the commission of acts causing irreparable injury." 221 U.S. 636, 643, 31 S.Ct. 654, 656.

10 Cir., 229 F.2d 205; State Tax Comm'n v. Kennecott Copper Corp., 10 Cir., 150 F.2d 905, aff'd 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862; Stamey v. State Highway Comm'n of Kansas, D.C.Kan., 76 F.Supp. 946. We find no clear intention in the Colorado Statute to waive the federal court immunity.

Affirmed without prejudice on the merits.