**BELLE FONTAINE TOWING CO., Inc. and Old Colony Insurance Company, Plaintiffs,**

**v.**

**DEPARTMENT OF HIGHWAYS, STATE OF LOUISIANA, Defendant.**

Civ. A. No. CA 67–535.

United States District Court
E. D. Louisiana,
New Orleans Division.

July 10, 1967.

Joaquin Campoy, New Orleans, La., for plaintiffs.

Norman L. Sissin, Ben Norgress, Baton Rouge, La., Dept. of Highways, for defendant.

## ON MOTION OF DEFENDANT TO DISMISS COMPLAINT

CASSIBRY, District Judge:

This matter came before the Court on June 21, 1967. Defendant, Department of Highways, State of Louisiana, has moved to dismiss this complaint on the ground that as a department of the Sovereign State of Louisiana it is immune from suit, except by its own consent and that such consent has not been granted. The motion will be denied.

Plaintiffs Belle Fontaine Towing Co., Inc., owner and operator of the tug Belle Fontaine, and Old Colony Insurance Company, the subrogated hull insurer of the vessel, brought this action against defendant, the Department of Highways, State of Louisiana, to recover damages which resulted when the Belle Fontaine collided with the Highway 90 Drawbridge over the Industrial Canal in New

Orleans (otherwise known as the Danziger Bridge) on April 13, 1966. The bridge is owned and operated by defendant, and the complaint alleges that the collision was caused by failure of defendant's bridgetender to raise the bridge properly.

The Louisiana Department of Highways is a body politic and corporate. LSA–RS 48:13. It has all the rights, powers and immunities incident to corporations. It may sue and be sued in its own name, and has been held to be a legal entity distinct from the state. LSA–RS 48:22. Kallenberg v. Klause, La.App.1964, 162 So.2d 73, writ refused 246 La. 356, 164 So.2d 354. Although in the past the Department was immune from suits of the instant type, J. Ray McDermott & Co. v. Department of Highways, 267 F.2d 317, (5th Cir. 1959); Westwego Canal and Terminal Co., Inc. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389, a Louisiana appellate court has recently held that all immunity from suit (including tort) formerly enjoyed by the Depart-

ment of Highways was effectively waived by enactment of the waiver of immunity provision of the 1921 Constitution as amended in 1960, LSA–Const. Art. III, § 35.[1] Lambert v. Austin Bridge Company, La.App.1966, 189 So. 2d 752, writ refused 249 La. 768, 191 So.2d 143; Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 (1965).

Defendant points out, however, that Art. III, § 35 of the Constitution as amended in 1960 (see footnote 1), which contains the following sentence:

"No suit authorized under this constitutional provision shall be instituted in any court other than a Louisiana State court."

deprives this Court of jurisdiction in any case. This contention has already been decided adversely to the position of the defendant in the case of Schultz v. Greater New Orleans Expressway Commission, 250 F.Supp. 89 (E.D.La.1966). Judge Ainsworth determined that while it is true that a state may waive its immunity from suit and specify such limitations on the exercise of that immunity

---

1. "§ 35. Suits against the state, its agencies or political subdivisions

Section 35. The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities and other public or governmental bodies; and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes as of and from the date thereof, as a waiver of the defendant's immunity both from suit and from liability. The Legislature shall, by special or general laws or resolutions, prescribe the procedural rules, including rules of venue and service of process, to govern suits against the state and other public bodies; the procedure in such suits, in the absence of applicable procedural rules promulgated by the Legislature, to be the same as in suits between private litigants. No judgment against the state or any other public body shall be exigible, payable or paid except out of funds appropriated for pay-

ment thereof. The Legislature may waive any prescription or peremption which may have accrued in favor of the state or other public body against any claim or claims on which suit is so authorized; and any prescription or peremption which may heretofore have accrued, or which would otherwise accrue prior to January 1, 1962, against any claim against the state or other public body on which suit heretofore has been authorized by the Legislature, is hereby waived, provided that suit on such claim is brought prior to January 1, 1962. No suit authorized under this constitutional provision shall be instituted in any court other than a Louisiana State court. In the case of any such claim on which suit heretofore has been authorized by the Legislature, and the suit was dismissed on the ground that the defendant's immunity from liability had not been waived, another suit on the same claim may be filed at any time prior to January 1, 1962, and such suit shall not be subject to the defense of res judicata based on the dismissal of the prior suit on such claim. (As amended Acts 1960, No. 621, adopted Nov. 8, 1960.)"

as it deems proper (and there is ample authority [2] for the proposition that the state may waive its immunity in the state courts but retain it in the federal courts), such a limitation is not available to other agencies and political subdivisions of the state if the political subdivision or agency is an entity distinct and separate from the state. Since Louisiana courts have held that the Department of Highways is an entity distinct from the state, Kallenberg v. Klause, supra, the Department may not avail itself of the provision of the Louisiana Constitution cited above to defeat the jurisdiction of this Court.

Accordingly, the motion of the Department of Highways to dismiss for lack of jurisdiction is denied.

2.  Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140 (1900); Chandler v. Dix, 194 U.S. 590, 24 S.Ct. 766, 48 L.Ed. 1129 (1904); Burrill v. Locomobile Company, 258 U.S. 34, 42 S.Ct. 256, 66 L. Ed. 450 (1922); State Highway Commission of Wyoming v. Utah Const. Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1928); Petty v. Tennessee-Missouri Bridge Commission, 359 U.S. 275, 79 S. Ct. 785, 3 L.Ed.2d 804 (1959).