Lloyd **BRIGGS** et al., for themselves and others similarly situated, Plaintiffs,

v.

Paul S. **SAGERS**, Director, American Fork Training School, Herbert F. Smart, Director of Finance, and the State of Utah, a sovereign, Defendants.

No. C 34–69.

United States District Court
D. Utah, C. D.

July 10, 1969.

Gerald G. Gundry, and Cornelius Van Drunen, Salt Lake City, Utah, for plaintiffs.

Vernon B. Romney, Atty. Gen., of State of Utah, for defendants.

## MEMORANDUM DECISION

CHRISTENSEN, District Judge.

The plaintiffs have brought this action to recover unpaid overtime compensation and an additional equal amount as liquidated damages in reliance upon Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). Jurisdiction is laid under 28 U.S.C. § 1337 giving a district court original jurisdiction of all suits arising under any law regulating commerce without regard to citizenship or the amount in controversy.

It is alleged that the defendant State of Utah has been and is engaged in the operation of the American Fork Training School, an institution created and maintained for the custody and treatment of mentally deficient children and adults; that plaintiffs were employed by the State as attendants in various cottage living units of the school and that from February 1, 1967, the effective date of the 1966 amendment to the Act relied upon, to the present time, plaintiffs have performed overtime work for which no additional compensation has been paid, in violation of the provisions of the Act. Plaintiffs seek to recover under 29 U.S.C. § 207 against the State of Utah overtime compensation, doubled, together with reasonable attorneys' fees and costs.

The State has moved to dismiss the complaint on several grounds, only one of which needs to be considered here.

I am convinced that under the Eleventh Amendment to the Constitution of the United States and the antecedent rule of immunity which it recognizes, this court has no jurisdiction to adjudicate the claims here asserted. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). This question was reserved in Maryland v. Wirtz, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968), which fully discusses the general problem and, in upholding the denial of injunctive and declaratory relief to the state in advance of the development of specific fact situations, leaves other questions open in this case even assuming jurisdiction.

Yet, the matter of jurisdiction is decisive before this court. Despite individual defendants named, the suit is wholly against the State of Utah in substance and would have direct impact upon the funds and fiscal management of the State. Under no theory can it be said that sovereign immunity has been waived by the State.[1] *See also*

1. Parden v. Terminal R. Co., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964), has

distinguishing features which themselves underscore the absence of an implied con-

Board of Education, etc. v. State of Oklahoma, et al., 409 F.2d 665 (10th Cir. 1969), and Hamilton Mfg. Co. v. Trustees of State Colleges in Colo., 356 F.2d 599 (10th Cir. 1966). *Cf.* Kennecott Copper Corp. v. State Tax Commission, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862.

Dismissed for lack of jurisdiction.

sent in this case. Here involved, among other things, is a governmental activity which antedated the legislation relied upon by plaintiff. And to hold that there was a constructive waiver in this case would tend to render almost any suit by an individual against the state on a federal claim involving commerce cognizable in a federal court in unjustifiable circumvention of the Eleventh Amendment.