John W. BRENNAN, Plaintiff-Appellant,

v.

UNIVERSITY OF KANSAS et al.,
Defendants-Appellees.

No. 71–1010.

United States Court of Appeals,
Tenth Circuit.

Dec. 2, 1971.

Charles F. Brennan, New York City, for appellant.

Edward G. Collister, Jr., Asst. Atty. Gen. (Vern Miller, Atty. Gen., Topeka, Kan., on the brief), for appellees.

Before PICKETT, HILL and BARRETT, United States Circuit Judges.

HILL, Circuit Judge.

This is an appeal from a decision of the United States District Court for the District of Kansas sustaining a motion to dismiss filed on behalf of the University of Kansas and the University Press of Kansas. The motion to dismiss was granted on the bases of sovereign immunity and the fact that these defendants were not amenable to suit in the federal court by virtue of the Eleventh Amendment to the United States Constitution.

Appellant Brennan, a professor of history at Long Island University in New York, and appellee Brown, a professor of history at the University of Kansas, entered into a written editorial agreement to work as co-editors in the publication of the papers of Baron Sonnino, an Italian statesman of the early twentieth century. The work was to be published by the University Press of Kansas. Brennan and Brown had traveled to Italy for the purpose of editing the papers contained in the Sonnino archives at Montespertoli, near Florence, Italy. Editorial differences arose between Brown and Brennan while in Italy. The University of Kansas notified Brennan that his participation in the project was terminated. Upon his refusal to surrender the work connected with the project then in his possession, Brown obtained a search warrant from an Italian court. Brennan's apartment and safety deposit box in Florence were searched, and his work confiscated. Brennan returned to the United States and brought this action in the United States District Court for the District of Kansas seeking recovery of his intellectual work product, a temporary injunction to prevent publication of the work product by the University Press of Kansas, and damages in excess of $10,000. Appellees University of Kansas and University Press of Kansas were successful in their motion to dismiss in the United States District Court. Appellee Brown was never

served with process in this action, and continues to reside in Italy.

Appellant alleges error in dismissal of his complaint by the United States District Court for the District of Kansas. The court below found that K.S.A. § 76–713[1] was not a waiver of governmental immunity so as to allow suit on the complaint. Appellant contends that the statute in question does waive sovereign immunity so as to allow the instant case. The United States District Court for the District of Kansas also granted dismissal on the grounds that the defendants were immune from suit in the federal courts under the Eleventh Amendment.[2] Appellant urges that the district court incorrectly ruled that defendants are immune from suit in the federal courts under the Eleventh Amendment as instrumentalities of the State of Kansas. Appellees urge that the district court be affirmed on both questions. Appellant also moves for leave to amend the complaint at the appellate level, pursuant to 28 U.S.C. § 1653.[3] Appellees argue that proper grounds for amendment pursuant to 28 U.S.C. § 1653 have not been established. The issues presented for resolution by this Court are thus threefold; they will be treated in reverse order.

■■■ Appellant moves for leave to amend the complaint at the appellate level pursuant to 28 U.S.C. § 1653. The basis of the motion is an alleged violation of Brennan's Fourth and Fourteenth Amendment rights by the search conducted in Italy; a federal question is thereby presented. Appellant contends that this Court should not honor the Italian search warrant because of four irregularities: (1) the property taken was in excess of what was called for in the warrant; (2) no inventory of items seized was made; (3) no receipt was given Brennan for items seized; and (4) the property was given to Brown rather than retained by the court. The intention of Congress in enacting 28 U. S.C. § 1653 was to broadly permit amendment to avoid dismissal on technical grounds.[4] The power of the appellate court to correct defective jurisdictional allegations concerns defects of form, not substance.[5] An amendment such as contemplated by appellant is not within the purview of the statute. Appellant's motion for leave to amend is defective on another ground. An amendment designed to raise a federal question, and thereby to create a case cognizable by the federal courts, will not be permitted unless it appears that it will likely avail appellant.[6] Brennan has no likelihood of success substantively speaking. It is a firmly established principle of American jurisprudence that the laws of one state have no extra-territorial effect in another state.[7] The forum state will give effect to foreign law as long as the foreign law is not repugnant to the moral sense of the community. The mere fact that the law of the foreign state differs from the law of the state in which recognition is

1. Kan.Stat.Ann. § 76–713 (Supp.1970).

2. Amendment XI—Suits against States. The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

3. 28 U.S.C. § 1653 Amendment of the pleadings to show jurisdiction. Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

4. Blanchard v. Terry & Wright, Inc., 218 F.Supp. 910 (D.C.Ky.1962), aff'd 331 F.2d 467 (6th Cir. 1964), cert. denied 379 U.S. 831, 85 S.Ct. 62, 13 L.Ed.2d 40 (1964).

5. Blanchard v. Terry & Wright, Inc., supra; Smith v. Fisher Pierce Co., 248 F. Supp. 815 (D.C.Tenn.1965).

6. Rae v. Grand Truck. Ry. Co., 14 F. 401 (E.D.Mich.1882).

7. Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943); Second Russian Ins. Co. v. Miller, 268 U.S. 552, 45 S.Ct. 593, 69 L.Ed. 1088 (1925); Lindsey v. McClure, 136 F.2d 65 (10th Cir. 1943).

sought is not enough to make the foreign law inapplicable.[8] No attempt was made to show that the search was conducted in any manner but a lawful one in accord with the applicable Italian law. This Court cannot hold that the procedure followed in executing this search is so shocking to the forum community that it cannot be countenanced. Indeed, this Court is reminded of the oft-paraphrased advice of St. Ambrose, Catholic bishop of Milan in the fourth century, to St. Augustine. "When you are at Rome, live in the Roman style; when you are elsewhere, live as they do elsewhere."[9] Appellant's motion for leave to amend is denied.

Appellant argues that appellees University of Kansas and University Press of Kansas are amenable to suit in the federal courts, the Eleventh Amendment notwithstanding. There is no question that a state agency, functioning as an arm, an alter ego of the state, cannot be sued in federal court because of the prohibition of such suits by the Eleventh Amendment.[10] Determination of the status of the agency in question is by reference to the applicable state law.[11] A state may consent to suit in federal court; however, such consent must be clear.[12] Waiver of immunity from suit in federal court will not be lightly inferred; a state's waiver of immunity from suit in its own courts does not constitute waiver of actions brought in federal courts unless a clear intent to that effect appears.[13]

We must look to Kansas law to determine whether appellees University of Kansas and University Press of Kansas function as arms of the state. The Kansas Supreme Court has long considered the state universities as under exclusive state control, i. e., as arms of the state. In Board of Regents v. Hamilton, 28 Kan. 376 (1882), that court states at page 378:

> The Kansas state agricultural college is a state institution; it is absolutely and exclusively under the control of the state; its properties belong to the state. It is true that to-day the state has created the board of regents into a body corporate, but to-morrow it may set aside this body corporate and place the control of the properties in any other board or organization. No private rights intervene. It is purely and solely a matter of state and public control.

This position has been recently affirmed by the Kansas Supreme Court in the case of Murray v. State Board of Regents, 194 Kan. 686, 401 P.2d 898 (1965). Thus the University of Kansas, as a state university, and the University Press of Kansas, as a state institution serving the state universities, function as arms or alter egos of the State of Kansas. They are immune from suit in the federal court without a clear consent by the state. Even if the statute in question were to be construed as waiving sovereign immunity for suits in state court, there is no indication of an intent by the Kansas legislature to allow suit in federal court. Indeed, this Circuit has held that a state's waiver of sovereign immunity from suit in state court is not waiver of immunity from suit in federal court.[14] As no consent by the State of Kansas to suit in federal court against appellees has been shown,

8. Sullivan v. German Nat'l Bank, 18 Colo. App. 99, 70 P. 162 (1902).

9. From Jeremy Taylor, Ductor Dubitantium, Bk. I, ch. 1, § 5 (1660).

10. Fleming v. Upper Dublin School Dist., 141 F.Supp. 813 (E.D.Pa.1956).

11. Id.

12. Kennecott Copper Corp. v. State Tax Comm'n, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946); Williams v. Eaton, 443 F.2d 422 (10th Cir. 1971).

13. Hamilton Mfg. Co. v. Trustees of State Colleges in Colo., 356 F.2d 599 (10th Cir. 1966).

14. Okla. Real Estate Comm'n v. Nat'l B. & P. Exch., 229 F.2d 205 (10th Cir. 1955).

this Court holds appellees immune from suit in federal court by virtue of the Eleventh Amendment.

Appellant also contends that the trial court erroneously interpreted K.S.A. § 76–713. This Circuit has repeatedly stated that in the absence of a state ruling, the view of a federal district court judge in interpreting local law is highly, even extraordinarily, persuasive on appeal.[15] Absent a showing that the trial judge's view of state law is clearly erroneous, the appellate court will defer to the trial judge, where the local courts have not ruled on the question.[16] We are unable to hold the trial court's interpretation of K.S.A. § 76–713 clearly erroneous; thus we must affirm this interpretation. Appellant's complaint is thus barred by the doctrine of sovereign immunity.

Affirmed.

15. Hardberger & Smylie v. Employers Mut. Liab. Ins. Co. of Wis., 444 F.2d 1318 (10th Cir. 1971); Frase v. Henry, 444 F.2d 1228 (10th Cir. 1971); Vaughn v. Chrysler Corp., 442 F.2d 619 (10th Cir. 1971); Stephens Indus., Inc. v. Haskins & Sells, 438 F.2d 357 (10th Cir. 1971); Aetna Casualty & Surety Co. v. Brunswick Corp., 437 F.2d 838 (10th Cir. 1971).

16. In re Privett, 435 F.2d 261 (10th Cir. 1970).