Richard G. HARRIS, Plaintiff-Appellant,

v.

TOOELE COUNTY SCHOOL DISTRICT, by and through The Tooele County School District Board of Education, Defendant-Appellee.

No. 72–1453.

United States Court of Appeals, Tenth Circuit.

Jan. 3, 1973.

D. Clayton Fairbourn, Salt Lake City, Utah, for plaintiff-appellant.

Don J. Hanson, Salt Lake City, Utah, for defendant-appellee.

Before HILL, HOLLOWAY and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is an action for personal injuries brought in the District of Utah under the diversity jurisdiction of 28 U.S.C. § 1332. Appellant Harris, a resident of Wayne, Pennsylvania, sued the school district of Tooele County, Utah, for injuries resulting from an alleged negligently structured and supervised gate on Tooele County High School's parking lot. This suit was dismissed on two jurisdictional grounds: (1) the federal district court lacked jurisdiction to try an action against the State of Utah by reason of the Eleventh Amendment; and (2) neither the school district nor the State of Utah had waived its immunity from suit in federal court. These grounds for dismissal constitute the issues presented here.

Appellant first urges that school districts in Utah are separate and distinct entities from the state. Because § 53–4–8 of the Utah Code Annotated (1953) authorizes school boards to sue and be sued in their own names, the state is not a party in interest in a suit by or against the school district.

■■ Federal courts are prohibited by the Eleventh Amendment from hearing suits against a state by a citizen of another state.[1] Determining whether suit against a governmental subdivision is actually a suit against the state must be by reference to the applicable state law. Brennan v. University of Kansas, 451 F.2d 1287 (10th Cir. 1971). Admittedly, § 53–4–8 authorizes school boards to sue and be sued, but such power does not completely abrogate sovereign immunity. As the Utah Supreme Court said in Campbell v. Board of Education, 15 Utah 2d 161, 389 P.2d 464, 465 (1964): ". . . school districts are instrumentalities of the state acting in its behalf in educating children and as such partake of its sovereign immunity." An earlier case stated that "school boards are created exclusively for school purposes and are mere agencies of the state. . . ." Bingham v. Board of Education, 118 Utah 582, 223 P.2d 432, 435 (1950); accord, Woodcock v. Board of Education, 55 Utah 458, 187 P. 181 (1920).

Appellant rebuts these cases by charging that the Utah Governmental Immunity Act (U.C.A. §§ 63–30–1 to 34) of 1965 statutorily overrules them. We are not persuaded by this line of reasoning. Admittedly the Act does define school districts as "political subdivisions" [§ 63–30–2(2)] rather than subdivisions of the "state" [§ 63–30–2(1)]. Separate procedures are demanded for claims and payment of claims against the state and claims against political subdivisions (§§ 63–30–12, 13, 23, 24). But nowhere in the Act is the Utah governmental structure changed. Procedurally subdivisions of the government have been classified to aid in the administration of the Governmental Immunity Act, but the classification does not transform school districts into entities separate and distinct from the state. The Act has one purpose, to waive the defense of sovereign immunity; it does not restructure Utah's governmental subdivisions.

■ Another test employed by federal courts to determine whether Eleventh Amendment immunity applies is the manner in which a political subdivision is financed. When it is apparent a judgment against a political subdivision will ultimately reduce state funds, the action is in essence one for recovery of money from the state. "[T]he state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945); accord, Hamilton Mfg. Co. v. Trustees of State Colleges, 356 F.2d 599 (10th Cir. 1966).

■ Under Utah law cost of operating and maintaining school programs is divided between the state and the school districts. U.C.A. §§ 53–7–17 (1961) and 53–7–18 (1961, as amended, 1963). If the school board levies an additional property tax, under certain conditions it may receive additional state funds. U. C.A. § 53–7–19 (1961, as amended, 1967). Residents in the school district may vote to levy an additional property tax which the state will supplement in the same manner. U.C.A. § 53–7–24 (1961, as amended, 1965). Clearly the possibility exists that a money judgment rendered in federal court against Tooele County School District might be paid at least partially out of state funds. Because this is a real possibility, we are compelled by the Eleventh Amendment to dismiss the case.

■ Appellant's second argument is that a state statute cannot close the doors of the federal court where the political subdivision is distinct from the state. To support this contention, appellant cites Markham v. City of Newport News, 292 F.2d 711 (4th Cir. 1961), and Belle Fontaine Towing Co. v. Depart-

---

[1]. "The Judicial power of the United States shall not be construed to extend to any suit in law or in equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ."

ment of Highways, 271 F.Supp. 60 (E. D.La.1967). We are not in disagreement with these cases but feel they are not applicable. In the instant case, appellee is the alter ego of the state. Tooele County School District is not a separate and distinct entity from the state. Therefore we must follow the rule that "a state's waiver of immunity from suit in its own courts does not constitute waiver of actions brought in federal courts unless a clear intent to that effect appears." Brennan v. University of Kansas, supra, 451 F.2d at 1290; *accord,* Hamilton Mfg. Co. v. Trustees of State Colleges, supra; Oklahoma Real Estate Comm'n v. Nat'l B. & P. Exch., 229 F.2d 205 (10th Cir. 1955).

■ The Utah Governmental Immunity Act lacks the "clear intent" necessary to waive immunity.[2] Another statute indicating Utah does not intend to waive Eleventh Amendment immunity is § 63–30–17 (1965).[3] These two statutes convince us Utah's waiver of immunity is limited to state courts. The Eleventh Amendment therefore precludes federal courts from hearing this case on its merits.

Affirmed.

HOLLOWAY, Circuit Judge (dissenting):

I respectfully dissent.

To me the Utah statutes make clear that the local school district and board are not agencies of the state for our purposes. This being so, the Eleventh Amendment does not apply and the state may not deny jurisdiction to a federal court of this suit to which it has consented in the state court.

The majority opinion accepts the principles of Markham v. City of Newport News, 292 F.2d 711 (4th Cir.). Under these principles it is clear that where a

general right is conferred, it can be enforced in any federal court in a state having jurisdiction of the parties, and the right "cannot. be withdrawn from the cognizance of such Federal court by any provision of State legislation that it shall only be enforced in a State court." Railway Co. v. Whitton's Administrator, 80 U.S. (13 Wall.) 270, 286, 20 L.Ed. 571; Markham v. City of Newport News, supra, 292 F.2d at 714; Grady County, Ga. v. Dickerson, 257 F.2d 369, 371 (5th Cir.), cert. denied, 358 U.S. 909, 79 S.Ct. 237, 3 L.Ed.2d 230.

Nevertheless, where a suit is in actuality one against a state, the state may waive immunity from suit in state courts only, and retain its immunity from suit in the federal courts provided by the Eleventh Amendment. Ford Motor Co. v. Dep't. of Treasury of Indiana, 323 U.S. 459, 465, 65 S.Ct. 347, 89 L.Ed. 389. I agree with the majority opinion that the Utah statutes do intend to limit the waiver to suit in the state courts. However for the state to be able to consent to suit in its courts while validly retaining its Eleventh Amendment immunity as to the federal courts, the suit must in fact be one against the state. I feel that the Utah statutes clearly make the school district and board political subdivisions in substance and not the alter-ego of the state. Utah Governmental Immunity Act of 1965, Utah Code Ann. § 63–30–1 et seq. (1968 Supp.). To such subdivisions the Eleventh Amendment does not apply. Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766; Port of Seattle v. Oregon & Washington RR. Co., 255 U.S. 56, 41 S. Ct. 237, 65 L.Ed. 500. Therefore the Utah attempt to bar federal court jurisdiction is invalid.

The Utah Governmental Immunity Act of 1965, supra, defines the state as including any officer, department, agency

2. Utah Code Ann. § 63–30–16 (1965) states that: "The district courts shall have exclusive original jurisdiction over any action brought under this act and such actions shall be governed by the Utah Rules of Civil Procedure in so far as they are consistent with this act."

3. This venue statute states in part: "Actions against . . . political subdivisions including cities and towns, shall be brought in the county in which said political subdivision is located or in the county in which the cause of action arose."

**222**

and the like, but states that a political subdivision includes any county, city, town, school district, etc. § 63–30–2(1) and (2). The Act makes a sharp distinction between payment of judgments against the state and the payment of judgments against political subdivisions, with separate procedures prescribed. §§ 63–30–12, 13, 23, and 24. And the board of education of the county school district is empowered to sue and be sued and to take, hold, lease, sell and convey real and personal property. Utah Code Ann., § 53–4–8 (1953).

We should also consider whether the action is in essence one for recovery of money from the state, in which case it may claim its Eleventh Amendment immunity. Ford Motor Co. v. Dep't. of Treasury of Indiana, supra, 323 U.S. at 464, 65 S.Ct. 347; Hamilton Mfg. Co. v. Trustees of State Colleges, 356 F.2d 599, 601 (10th Cir.). In this connection all political subdivisions are authorized to levy an annual property tax to pay claims or judgments and other liabilities by the Utah Governmental Immunity Act. Utah Code Ann. § 63–30–27 (1968 Supp.). See also Utah Code Ann. § 53–7–13 (1953).[1] Moreover, the subdivision may purchase liability insurance covering all risks created by the Act. Utah Code Ann. § 63–30–26 (1968 Supp.) As the majority opinion points out, the district's funds derive both from the state and from local sources. Since the judgment need not be expended on funds of the state, but on funds held by the board or raised by it locally to satisfy the judgment, I feel that the Eleventh Amendment does not apply. See State Highway Commission of Wyoming v. Utah Construction Co., 278 U.S. 194, 199, 49 S.Ct. 104, 73 L.Ed. 262; Port of Seattle v. Oregon & Washington RR. Co., supra, 255 U.S. at 71, 41 S.Ct. 237.

1. "[S]ignificant here also is whether the agency has the funds or the power to satisfy the judgment." Krisel v. Duran, 258 F.Supp. 845, 849 (S.D.N.Y.), aff'd. per curiam, 386 F.2d 179 (2d Cir.), cert. denied, 390 U.S. 1042, 88 S.Ct. 1635, 20 L.Ed.2d 303. See also Urbano v. Board of Managers of New Jersey State Prison,

415 F.2d 247, 251 (3d Cir.), cert. denied, 397 U.S. 948, 90 S.Ct. 967, 25 L.Ed.2d 128.