**FAR–MAR–CO, INC., a corporation,**
**Plaintiff,**

v.

**SCHULTZ CATTLE COMPANY, an Oklahoma general partnership, having George W. Schultz and George Schultz, Jr., as general partners, et al., Defendants.**

**No. CIV–76–0092–D.**

United States District Court,
W. D. Oklahoma.

June 15, 1976.

Don R. Nicholson, II, Jerome S. Sepkowitz, Deno Argentos, Oklahoma City, Okl., for plaintiff.

J. Leon Fetzer, Woodward, Okl., for defendants.

ORDER

DAUGHERTY, Chief Judge.

This action in which subject matter jurisdiction is based on diversity of citizenship and amount in controversy contains two

causes of action related to contracts for the sale of grain to Defendant Schultz Cattle Company (Cattle Co.). The Individual Defendants, George W. Schultz (Schultz) and George Schultz, Jr. (Junior) are alleged to be general partners in Cattle Co. Schultz and Junior were both alleged in the Complaint to be citizens of Oklahoma.

Junior has filed a Motion to Dismiss in which he supports by affidavit an allegation that he is a resident of Texas and so resided at the time the instant action was commenced. He urges that he was served with process in Texas and that such service was improper. He further urges that venue does not lie against him in this action. Said Motion is supported by a Brief. Plaintiff has filed a Brief in Response to said Motion.

An examination of the pleadings in the file indicate that Plaintiff alleged Junior was an Oklahoma citizen and requested the United States Marshal of this District serve him at his residence in Shattuck, Oklahoma. The Marshal's return indicates Junior was served in Follett, Texas.[1] One of Plaintiff's contentions in its Response is that venue is proper even if Junior is a resident of Texas because the claim arose in Oklahoma. Plaintiff further urges in its Response that extra-territorial service is authorized pursuant to Rule 4(e), Fed.Rules of Civ.Proc. and the applicable Oklahoma laws.

■ The Court agrees with Plaintiff's contentions as set out above. However, as the Complaint alleges Junior is an Oklahoma citizen it does not appear specifically to contain allegations which would support the resorting to extra-territorial service pursuant to the Oklahoma statutes. Such allegations were of course unnecessary when it was thought that Junior was an Oklahoma resident and citizen. Such a defect in the allegations of the Complaint are amendable pursuant to the provisions of 28 U.S.C. § 1653, the purpose of which statute is to avoid dismissal on technical grounds. *Brennan v. University of Kansas,* 451 F.2d 1287 (Tenth Cir. 1971).

Rule 4(c), Fed.Rules Civ.Proc. provides that service of process be made by a United States marshal or his deputy. The statutory power for United States marshals to serve process is found in 28 U.S.C. § 569(b) which contains no geographical limitations. Junior complains that the service upon him in Texas is improper relying on Rule 4(f), Fed.Rules Civ.Proc. which provides in applicable part:

"All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or these rules, beyond the territorial limits of that state."

Plaintiff appears to overlook that portion of the above rule extending the territorial limits when provided for in the Fed.Rules Civ. Proc. In particular Plaintiff appears to disregard the provisions of Rule 4(e), *supra,* providing for service on parties not found within a state in accordance with the State law in which the Federal Court is located. The applicable portion of Rule 4(e), *supra,* provides:

"Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons . . . upon a party not an inhabitant of or found within the state . . . service may . . . be made under the circumstances and in the manner prescribed in the statute or rule."

■ Oklahoma has at least two statutes which would appear to authorize service outside the boundaries of Oklahoma in the instant case. These are 12 Okla.Statutes § 170.1 and 12 Okla.Statutes § 1701.04. Both of the aforementioned statutes authorize service in actions against persons who are subject to in personam jurisdiction of the Oklahoma Courts pursuant to various "long arm" statutes. 12 Okla.Statutes §§ 187, 1701.02 and 1701.03 would appear to subject Junior to the in personam jurisdiction of the Oklahoma Courts under the allegations contained in the Complaint herein notwithstanding the fact that Plaintiff did

1. Follett, Texas is near Shattuck, Oklahoma but of course across the State boundary.

not attempt to allege facts to establish jurisdiction over Junior pursuant to such statutes because it was under the impression Junior was an Oklahoma citizen and resident. Moreover, Junior has waived any defense he may have had in the instant action as to lack of jurisdiction over his person by failing to include such defense in the instant Motion pursuant to the provisions of Rule 12(h)(1), Fed.Rules Civ.Proc. The Court finds that Defendant George Schultz, Jr. was properly served with process in this action and the instant Motion is overruled on the grounds that service of process against him was improper.

■ A determination of proper venue in this action would be based on consideration of the provisions of 28 U.S.C. § 1391(a) which states:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."

Since Junior has established he is not a resident of Oklahoma, it must be determined if the claim arose in Oklahoma. The Complaint contains two separate causes of action. The First Cause of Action is based on the alleged breach of a contract to purchase grain by Defendant Cattle Co., which contract appears to have been accepted by Defendant Schultz at the Cattle Co. offices in Oklahoma City, Oklahoma and which contract called for the grain to be delivered to the Cattle Co. in Shattuck, Oklahoma. Both of said locations are located within this district. The alleged breach of Defendants appears to have occurred in this district notwithstanding Movant's contention that as the grain was not shipped due to the alleged breach that the breach occurred in Kansas. It would appear that the breach complained of is not the allegation that Plaintiff was left holding grain in Kansas, but the allegation Defendants failed to pay for same in Oklahoma. Said claim appears to have risen in Oklahoma. The Second Cause of Action is based on failure of Defendants to pay for grain delivered to Shattuck, Oklahoma, pursuant to another grain sale contract. Said claim clearly arises in Oklahoma. The Motion to Dismiss asserted by Defendant George Schultz, Jr., based on an allegation that venue is improper is overruled and thus said Defendant's Motion to Dismiss is overruled in its entirety.

Defendant George Schultz, Jr., is directed to Answer the Complaint within 20 days of this date.