956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Delores A. BRADSHAW, Plaintiff-Appellant,
v.
ALPINE SCHOOL DISTRICT, Board of Education of Alpine School
District, Clark L. Cox, Colene Granger, and
William Stanford Stubbs, Defendants-Appellees.
 No. 91-4079.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 Plaintiff-Appellant Dr. Delores Bradshaw, former employee of the Alpine School District, brought this § 1983 action against the school district, its Board of Education, and three administrators of the school district. She now appeals summary judgment entered in favor of defendants.[1] The district court granted summary judgment in favor of the school district, its board of education, and the three individual defendants acting in their official capacities on the grounds of Eleventh Amendment sovereign immunity. The district court also granted summary judgment in favor of the individual defendants in their individual capacities based on sovereign immunity. The district court ruled that plaintiff presented insufficient evidence that these defendants were acting outside their official duties or in contravention of the school district's policies and procedures and that they were, therefore, under the protection of sovereign immunity when sued in their individual as well as their official capacities. For the reasons stated below, we affirm in part and reverse in part.
 
 
 2
 This case comes to us on appeal of summary judgment.
 
 
 3
 Summary judgment is appropriate when the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the initial burden to show "that there is an absence of evidence to support the non-moving party's case." If the moving party meets its burden, the burden shifts to the non-moving party to show that there is a genuine issue of material fact. The non-moving party "may not rest upon the mere allegations or denials of his pleadings." On review of the record all facts must be considered in the light most favorable to the non-moving party, but summary judgment is mandated if after adequate time for discovery a party "fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which the party will bear the burden of proof at trial."
 
 
 4
 Culver v. Town of Torrington, 930 F.2d 1456, 1458 (10th Cir.1991) (citations omitted).
 
 
 5
 Plaintiff raises two issues on appeal. First, whether the school district, and consequently its Board of Education and its administrators acting in their official capacities, constitutes an arm of the state of Utah, and is thus entitled to Eleventh Amendment sovereign immunity. And second, whether the three individual defendants were entitled to "qualified immunity." Brief for Appellant at 31. We will consider the sovereign immunity issue first and then turn to the liability of the individual defendants.
 
 
 6
 A. Sovereign immunity of local school districts in Utah.
 
 
 7
 The district court's Memorandum Opinion and Order properly analyzes the issue of the sovereign immunity afforded school district and board of education in Utah. In Harris v. Tooele County School District, 471 F.2d 218 (10th Cir.1973), this court held that Utah school districts are an arm of the state protected by sovereign immunity against civil lawsuits because of the state's ultimate financial responsibility for such lawsuits. Id. at 220. See also Hafer v. Melo, 112 S.Ct. 358, 1991 WL 221067, at * 6 (1991) ("[T]he Eleventh Amendment bars suits in federal court 'by private parties seeking to impose a liability which must be paid from public funds in the state treasury.' ") (quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974)).
 
 
 8
 In a more recent case, the federal district court in Utah revisited the analysis of Harris and found its analysis still sound in light of current Utah law. Martinez v. Board of Educ. of Emery County Sch. Dist., 724 F.Supp. 857, 861-63 (D.Utah, 1989) (using two tests: state financial interest in the outcome of the case and state control over management of local school districts). This three-judge panel cannot overrule a previous opinion of the court. United States v. Spedalieri, 910 F.2d 707, 710 n. 3 (10th Cir.1990); Huffman v. Caterpillar Tractor Co., 908 F.2d 1470, 1481 (10th Cir.1990).
 
 
 9
 Plaintiff refers us to Utah statutes, state constitutional sections, and state court opinions, but none either postdate or overrule the principle stated in Harris. We affirm the district court's order of summary judgment in favor of the Alpine School District and the Board of Education of the Alpine School District.
 
 
 10
 B. Summary judgment in favor of the individual defendants.
 
 
 11
 In her brief on appeal, plaintiff mistakenly refers to the district court's summary judgment in favor of the individual defendants as being based on qualified immunity. This was not the holding of the district court. The court held that in their official capacities, the individual defendants were acting on behalf of and within the stated policies of the school district and, as such, were entitled to the same protection of sovereign immunity available to the school district itself. Bradshaw v. Alpine School District, No. 88-C-0350G, Memorandum Decision and Order at 8-9 (D.Utah Mar. 26, 1991) (district court order). The district court was correct in this analysis. See Hafer v. Melo, 112 S.Ct. 358, 1991 WL 221067, at * 4 (1991) ("State officers sued for damages in their official capacity are not 'persons' for the purposes of the suit because they assume the identity of the government that employs them.") (citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311 (1989)).
 
 
 12
 However, we must reverse the district court's decision as it pertains to these three defendants in their individual capacities. The district court granted summary judgment on plaintiff's claims against these defendants acting in their individual capacities, holding that the individual defendants were not acting outside their official duties or in contravention of the school district's policies and procedures in the conduct for which plaintiff was bringing suit:
 
 
 13
 Even though invited to do so by the court, plaintiff has failed to come forward with sufficient evidence to demonstrate that the actions complained of in fact were performed by defendants personally and not at the direction of the School District or as part of the official duties of employment. Plaintiff has failed to show that the action of the individual defendants were in contravention to policies and procedures of the Alpine School district.
 
 
 14
 District court order at 11-12.
 
 
 15
 After the district court's Memorandum Decision and Order was filed, the Supreme Court clarified its previous decision, published in Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989), concerning whether state officials acting in their official capacities but sued in their individual capacities were "persons" liable for suit under § 1983. In Hafer v. Melo, 112 S.Ct. 358, 1991 WL 221067 (1991), the Court held that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." Id., at (emphasis added).
 
 
 16
 The district court issued summary judgment in favor of these three defendants in their individual capacities on the grounds of Eleventh Amendment sovereign immunity. In light of Hafer v. Melo, we must reverse the order of the district court with respect to Clark L. Cox, Colene Granger, and William Stanford Stubbs in their individual capacities only.[2] Under Hafer, these defendants in their individual capacities are not protected by sovereign immunity from a § 1983 lawsuit for their actions, even though these actions were conducted as part of their official duties. The individual defendants, however, may be entitled to "qualified immunity" recognized in a long line of cases. The inquiry in this regard to be undertaken by the trial court on remand is whether the conduct charged to the individual defendants is such that it violates clearly established constitutional or statutory rights which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982); Houston v. Reich, 932 F.2d 883, 886-87 (10th Cir.1991).[3]
 
 
 17
 The judgment of the United States District Court for the District of Utah is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this order. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 Defendants' Motion to File Memorandum on Recent Decision is hereby GRANTED. Defendants' motion for sanctions under Rule 46.6.1 is hereby DENIED
 
 
 [3]
 We offer no opinion as to the substance of plaintiff's claims against these three defendants in their individual capacities