David WALKER, Plaintiff,

v.

MICHIGAN PUBLIC SERVICE COM-
MISSION, Michigan Bell Telephone
Company, and General Telephone Com-
pany, Defendants.

No. 1:97–CV–1001.

United States District Court,
W.D. Michigan,
Southern Division.

Sept. 10, 1998.

**804**

David Walker, Whitehall, MI, plaintiff pro se.

Henry J. Boynton, Frank J. Kelley, Attorney General, Public Service Division, Lansing, MI, for Michigan Public Service Commission.

Albert Calille, Michigan Bell Telephone Co., Detroit, MI, Daniel F. Attridge, Kirkland & Ellis, Washington, DC, for Michigan Bell Telephone Company.

Gary L. Field, Loomis, Ewert, Parsley, Davis, Lansing, MI, William H. Keating, GTE North Inc., Marion, OH, Gail Laurie Polivy, GTE Service Corp., Legal Dept., Washington, DC, for General Telephone Company.

## OPINION

ENSLEN, Chief Judge.

This case is before the Court on Motions to Dismiss filed by Defendants Michigan Public Service Commission ("MPSC"), Michigan Bell Telephone Company ("Michigan Bell") and General Telephone Company, now known under the name of its successor by merger, GTE North ("GTE"). The Motions will be granted.

### FACTS

Walker is the president of Direct Dial Audio Corporation ("Direct Dial"), a Michigan corporation. In October 1985, Direct Dial entered into an agreement with GTE through which consumers in the Grand Rapids area who were in GTE's service area could, for a fee, dial a 9–7–6 telephone number to access pre-recorded messages or interactive programs provided by Direct Dial ("976 service"). Direct Dial sought a similar agreement with Michigan Bell, which provided local telephone service for other portions of the Grand Rapids area. Michigan Bell refused to provide such service, stating that it did not have the necessary facilities in the Grand Rapids area.

In October 1990, Direct Dial filed a complaint against Michigan Bell in the Muskegon County Circuit Court, alleging antitrust and contract violations. In May 1991, the Circuit Court found that the MPSC had primary jurisdiction over Direct Dial's claims and granted Michigan Bell's motion for summary judgment. Direct Dial then filed a complaint in this Court against Michigan Bell and GTE, alleging various antitrust violations, as well as breach of contract and violations of state tariffs. This Court accepted the state court's

determination that the ultimate issue underlying Direct Dial's complaint was whether Michigan Bell had violated its tariff and that the MPSC had primary jurisdiction over the claims. In addition, this Court found that Direct Dial's antitrust claims against GTE were time barred. Accordingly, this Court dismissed the claims against GTE with prejudice and dismissed the claims against Michigan Bell without prejudice to allow federal adjudication if the MPSC declined jurisdiction. In 1997, Direct Dial sought reinstatement of its 1991 case against Michigan Bell. This Court denied that motion on May 29, 1997.

In fall 1992, Direct Dial made a formal complaint to the MPSC, claiming that Michigan Bell and GTE had violated state tariffs, federal antitrust laws, and the modified final judgment ("MFJ") entered in *United States v. American Tel. & Telegraph*, 552 F.Supp. 131 (D.D.C.1982), and that GTE had breached its contract with Direct Dial. The MPSC declined to hear Direct Dial's claims under federal antitrust laws, the MFJ or state contract law. On the merits of the remaining claims, the MPSC found that Michigan Bell was not required to provide 976 service within the Grand Rapids area and did not discriminate against Direct Dial in refusing to provide such service. Further, the MPSC found that neither Michigan Bell nor GTE had violated a tariff, applicable statute or MPSC rule and dismissed Direct Dial's complaint in its entirety. This decision was upheld by the Ingham County Circuit Court. Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal.

In April 1997, Walker filed this action in the District Court for the District of Columbia. Walker alleged that the MPSC had allowed Michigan Bell to operate a monopoly in violation of federal antitrust laws and violated federal law by allowing Michigan Bell to operate in violation of the MFJ; that Michigan Bell had violated federal antitrust laws and the MFJ and discriminated against Walker by refusing to provide 976 service to Direct Dial in the Grand Rapids area; and that GTE had breached its contract with Direct Dial by failing to negotiate 976 service

from Michigan Bell for Direct Dial and had violated federal antitrust laws by condoning Michigan Bell's refusal to provide 976 service and by failing to meet its contractual obligations. In subsequent motions, Walker also argued that the actions of the MPSC, Michigan Bell and GTE violated his rights under the First, Fifth, Fourteenth and Fifteenth Amendments to the United States Constitution. Walker seeks both monetary and injunctive relief. Upon finding that venue was improper, the District Court for the District of Columbia transferred the action to this Court in December 1997.

## DISCUSSION

### I. Standard of Review

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b). Because the grounds asserted for dismissal either relate to lack of subject matter jurisdiction or failure to state a claim, the Court will review these motions under Rules 12(b)(1) and 12(b)(6). If a motion to dismiss under Rule 12(b)(1) makes a factual attack on the jurisdictional allegations in the complaint, the Court may consider affidavits, documents, and limited testimony on the disputed facts. *Fairport Int'l Exploration, Inc. v. Shipwrecked Vessel Known as THE CAPTAIN LAWRENCE*, 105 F.3d 1078, 1081 (6th Cir.1997). If the motion merely questions the sufficiency of the pleadings, it is reviewed under the standard applied to Rule 12(b)(6) motions. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Such motions will be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 405 (6th Cir.1998). The complaint must be construed in the light most favorable to the plaintiff and its well-pleaded facts accepted as true. *Id.* To the extent that a motion under Rule 12(b)(6) raises matters outside the pleading, the Court will treat the motion as one for summary judgment. Fed.R.Civ.P. 12(b).

## II. MPSC's Motions to Dismiss

The MPSC moves to dismiss Walker's claims against it under Fed.R.Civ.P. 12(b) on three grounds: (1) the MPSC is immune from suit under the Eleventh Amendment; (2) Walker lacks the capacity to sue; and (3) Walker's claims are barred by collateral estoppel, res judicata and issue preclusion. MPSC's first two grounds for dismissal make facial challenges to the Court's subject matter jurisdiction under Rule 12(b)(1). The third relates to Walker's failure to state a claim upon which relief can be granted and must be considered under Rule 12(b)(6).

Under the Eleventh Amendment, federal courts are generally prohibited from hearing suits in law or equity brought by citizens against a State, its departments or its agencies. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Federal courts are only permitted to exercise jurisdiction over such claims where Congress has expressly abrogated a state's immunity to suit pursuant to a valid exercise of power, *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 59, 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252, 268 (1997), or where the state itself has explicitly waived its immunity, *Pennhurst State School & Hosp.*, 465 U.S. at 99, 104 S.Ct. 900.

In this case, Walker has filed suit directly against the MPSC. The MPSC is an "integral state agency ... entitled to the same immunity as the state itself." *ANR Pipeline Co. v. Michigan Public Service Comm'n*, 608 F.Supp. 43, 47 (W.D.Mich. 1984). Michigan has not waived immunity for suits against the MPSC, other than those involving tort liability. *See* M.C.L.A. §§ 460.1 *et seq.* (establishing the MPSC); M.C.L.A. §§ 691.1401 *et seq.* (establishing governmental liability for and immunity from torts). Further, the MPSC, in reviewing Walker's allegations, acted solely under its state power, not pursuant to any comprehensive federal law which required MPSC to waive its sovereign immunity. *See Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 817, 1998 WL 413749 (W.D.Mich.1998) (finding waiver of immunity where MPSC acted pursuant to federal statute mandating federal review). The Court finds that the MPSC is immune from direct action by Walker. Therefore, the Court grants the MPSC's motion to dismiss on this basis and will not consider the MPSC's other claims.

## III. GTE's Motion to Dismiss

GTE moves for dismissal on two grounds: (1) Walker lacks capacity or standing to sue and (2) Walker's claims are barred by res judicata, collateral estoppel and issue preclusion. GTE's first claim is a facial attack on the Court's jurisdiction and must be reviewed under Rule 12(b)(1); the second asserts that Walker has failed to state an actionable claim and should be reviewed under Rule 12(b)(6).

In its first grounds for dismissal, GTE argues that Walker lacks standing to assert his claims against GTE, because Direct Dial, not Walker, is the party allegedly injured by GTE's breach of contract and antitrust violations. Walker's breach of contract claims stem from a contract executed in 1985 between Direct Dial and GTE. Because breach of contract is a state law claim, it can only be considered by the Court under its supplemental jurisdiction. 28 U.S.C. § 1367 (1993). A federal court exercising supplemental jurisdiction "sits as a court of the forum state and is bound to apply its substantive law." *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir.1989). Therefore, the Court must rely on Michigan law to review Walker's standing to bring its contract claims against GTE.

Under Michigan law, actions to redress injury to corporations "must be brought in the name of the corporation, and not that of a stockholder, officer, or employee." *M & D, Inc. v. McConkey*, 226 Mich. App. 801, 573 N.W.2d 281, 284 (Mich.Ct.App. 1998); *Environair, Inc. v. Steelcase, Inc.*, 190 Mich.App. 289, 475 N.W.2d 366, 367 (Mich.

Ct.App.1991).[1] An officer may bring suit in his own name only where he can show that the breach of contract violated a duty owed directly to him as an individual. *McConkey,* 573 N.W.2d at 284. Walker does not assert that GTE breached a duty owed to him as an individual, only that GTE breached its obligations to Direct Dial. Therefore, Walker does not have standing to assert the breach of contract claims against GTE and GTE's motion to dismiss with respect to those claims is granted.

 Walker has also asserted that GTE's actions with respect to Direct Dial violated federal antitrust laws. To determine the proper party to bring a federal antitrust action, courts must consider:

(1) the causal connection between the antitrust violation and harm to the plaintiff and whether that harm was intended to be caused; (2) the nature of the plaintiff's alleged injury including whether the plaintiff was a consumer or competitor in the relevant market; (3) the directness or indirectness of the injury, and the related inquiry of whether the damages are speculative; (4) the potential for duplicative recovery or complex apportionment of damages; and (5) the existence of more direct victims of the alleged antitrust violation.

*Southaven Land Co., Inc. v. Malone & Hyde, Inc.,* 715 F.2d 1079, 1085 (6th Cir.1983). In applying these standards, courts have found that a shareholder or officer of a corporation does not have standing to bring an antitrust suit in his or her own name for damages caused to the corporation from alleged antitrust activities. *See Meyer Goldberg Inc. of Lorain v. Goldberg,* 717 F.2d 290, 293–94 (6th Cir.1983) (finding that sole shareholders were not proper parties to bring antitrust

action); *Vinci v. Waste Management, Inc.,* 80 F.3d 1372, 1375 (9th Cir.1996) (finding that owner and operator of corporation was not proper party to bring antitrust action). This rule applies "even if the injured shareholder is the sole shareholder or if the shareholder alleges that the antitrust violations were intended to drive the individual out of the industry." *Vinci,* 80 F.3d at 1375 (citations omitted).

 In this case, Walker asserts that GTE's alleged antitrust violations resulted in a loss to Direct Dial of millions of dollars and, eventually, forced Direct Dial out of the 976 service business. Walker alleges no harms to himself which are not the indirect result of harm to Direct Dial. Therefore, Walker does not have standing to assert the antitrust claims against GTE and GTE's motion to dismiss with respect to those claims are granted.[2]

## III. Michigan Bell's Motion for Dismissal

 Michigan Bell asserts the same grounds for dismissal as GTE. As noted above, Walker does not have standing to assert antitrust violations stemming from the allegedly illegal interference with Direct Dial's efforts to establish 976 service in Grand Rapids. Moreover, assuming that Michigan Bell violated the MFJ by failing to provide Direct Dial with 976 service and that non-parties to the MFJ can enforce the agreement in federal court or that Michigan Bell discriminated against Direct Dial in provision of service, such claims also belong to Direct Dial and not to Walker individually. Thus, the Court grants Michigan Bell's motion to dismiss.[3]

---

1. Although, in some circumstances, shareholders are allowed to vindicate the rights of corporations in derivative actions, these actions may be brought only "to enforce the rights of the corporation against its directors and officers." *Frame v. Nehls,* 452 Mich. 171, 550 N.W.2d 739, 757 n. 28 (Mich.1996).

2. The Court notes that Direct Dial asserted the same federal antitrust claims against GTE in its 1991 action in this Court. At that time, the Court found that Direct Dial's claims were barred by the applicable statute of limitations and dismissed the action against GTE with preju-

dice. *See* Opinion and Order in *Direct Dial Audio Corp. v. Michigan Bell Telephone Co.,* No. 1:91–CV–864, 1992 WL 403099 (W.D.Mich. Aug. 10, 1992). Thus, even if Walker could bring these claims on Direct Dial's behalf, the claims would have to be dismissed on res judicata grounds.

3. The Court notes that even if Direct Dial had brought this federal antitrust action against Michigan Bell, its claims with respect to the MFJ seem to be without merit and are unlikely to succeed. *See* Letter from Debbie Maisal, Department of Justice, Antitrust Division to David Walk-

808

## CONCLUSION

For the reasons discussed above, Defendants MPSC, Michigan Bell and GTE's Motions to Dismiss are granted.

### *JUDGMENT*

In accordance with the Opinion issued this date;

**IT IS HEREBY ORDERED** that Defendant Michigan Public Service Commission's Motion to Dismiss, filed with this Court on December 1, 1997 (dkt.# 5), is **GRANTED** and that all claims stated against said Defendant are **DISMISSED** pursuant to Fed. R.Civ.P. 12; and

**IT IS FURTHER ORDERED** that Defendant General Telephone Company's Motion to Dismiss, filed with this Court on December 1, 1997 (dkt.# 36), is **GRANTED** and that all claims against said Defendant are **DISMISSED** pursuant to Fed.R.Civ.P. 12; and

**IT IS FURTHER ORDERED** that Defendant Michigan Bell's Motion to Dismiss, filed with this Court on December 1, 1997 (dkt.# 46), is **GRANTED** and that all claims against said Defendant are **DISMISSED** pursuant to Fed.R.Civ.P. 12.

er, President, Direct Dial Audio Corporation (Mar. 10, 1995).